

FILED
MAY 16 2008
OFFICE OF
INSURANCE REGULATION
Docketed by: mF

OFFICE OF INSURANCE REGULATION

KEVIN M. MCCARTY
COMMISSIONER

IN THE MATTER OF:

ALLSTATE FLORIDIAN INSURANCE COMPANY             CASE NO.: 95630-08
ALLSTATE INDEMNITY COMPANY
ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY
ALLSTATE INSURANCE COMPANY
ALLSTATE FLORIDIAN INDEMNITY COMPANY
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
ENCOMPASS INSURANCE COMPANY OF AMERICA
ENCOMPASS INDEMNITY COMPANY
ENCOMPASS FLORIDIAN INSURANCE COMPANY
ENCOMPASS FLORIDIAN INDEMNITY COMPANY
_____/

## ORDER

TO:

ALLSTATE FLORIDIAN INSURANCE COMPANY, ET AL.
3075 Sanders Road, Suite H1A
Northbrook, Illinois 60062-7127

THIS CAUSE came on for consideration as a result of the May 14, 2008 First District Court of Appeal's Opinion in Allstate Floridian Insurance Company, et al. vs. Office of Insurance Regulation (Case No. 1D08-0275), upholding the State of Florida Office of Insurance Regulation's ("Office") Immediate Final Order suspending the Certificates of Authority of ALLSTATE FLORIDIAN INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE FLORIDIAN INDEMNITY COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ENCOMPASS INSURANCE COMPANY OF AMERICA, ENCOMPASS INDEMNITY

COMPANY, ENCOMPASS FLORIDIAN INSURANCE COMPANY, and ENCOMPASS FLORIDIAN INDEMNITY COMPANY ("Allstate" or "Allstate Companies"). After a review of the Opinion and the status of the document production of Allstate, and being otherwise fully advised in the premises, the Office finds:

1. The Office has jurisdiction over the parties and the subject matter pursuant to Sections 120.569, 624.307, 624.317, and 624.318, Florida Statutes (2007).

2. On October 16, 2007, the Office served investigative subpoenas and subpoenas *duces tecum* ("subpoenas") on the Allstate Companies. The investigative subpoenas required Allstate to produce responsive documents by November 30, 2007 and the subpoenas duces tecum required Allstate to bring the responsive documents to a Hearing on January 15-16, 2008.

3. In the three-month period between the service of the subpoenas and the hearing date, Allstate companies produced only 36,000 pages of documents to the Office. In addition, the Allstate Companies filed objections to the Office's requests for documents and withheld documents, such as the so-called "McKinsey" documents.

4. On January 17, 2008, the Office issued an Immediate Final Order ("IFO") suspending the Certificates of Authority of the Allstate Companies for failing to freely provide documents as required under Section 624.318(2), Florida Statutes.

5. The First District Court of Appeal ("Court") stayed the suspensions of the Allstate Companies on January 18, 2008, pending its review of Allstate's appeal of the IFO.

6. Within days of the issuance of the IFO, the Allstate Companies provided the "McKinsey" documents that had been previously withheld from the Office's review. Moreover, within three months following the issuance of the IFO, the Allstate Companies produced in excess of 400,000 pages of documents. Since the issuance of the Court's initial opinion on April

4, 2008, in Allstate Floridian Insurance Company, et al. vs. Office of Insurance Regulation (Case No. 1D08-0275), upholding the Office's IFO suspending the Certificates of Authority, Allstate has now produced more than 825,000 pages of documents, including those documents requested by the Office that were contained in their 196-page "privilege" log that had been previously withheld from the Office's review.

7. On May 14, 2008, the Court issued its Opinion denying Allstate's motion for rehearing, rehearing en banc, and certification, and again affirming the propriety of the Office's IFO. The Court, in addition, lifted the stay of the IFO thereby reinstating the suspensions of the Allstate Companies' Certificates of Authority.

8. The Office's current review of Allstate's document production indicates that Allstate appears to have provided those documents requested by the Office. The Allstate Companies have now certified that they have provided all paper and electronic documents as requested by the Office from approximately 90 custodians identified as having documents responsive to the Office's investigation. Allstate has further certified, pursuant to Section 624.318(2), Florida Statutes, that they will freely provide any additional documents requested by the Office and that they will cooperate and respond to any questions that may arise during the Office's investigation. Allstate's certification is attached to this Order and incorporated by this reference.

9. The purpose of the IFO was to compel the Allstate Companies to freely provide documents to the Office as required by Section 624.318(2), Florida Statutes. Inasmuch as Allstate now appears to be in compliance with the statute:

**IT IS THEREFORE ORDERED** that the suspensions of the Certificates of Authority for the Allstate Companies are hereby stayed, pending Allstate's continued cooperation and

production of documents to the Office. Failure to continue providing requested documents to the Office in accordance with Section 624.318(2), Florida Statutes, will result in the stay being lifted and the immediate suspension of the Allstate Companies' Certificates of Authority.

**DONE AND ORDERED** this 16th day of May 2008.

KEVIN M. McCARTY
Commissioner
Office of Insurance Regulation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail (e-mail) and U.S. Certified Mail to: ALLSTATE FLORIDIAN INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE FLORIDIAN INDEMNITY COMPANY, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ENCOMPASS INSURANCE COMPANY OF AMERICA, ENCOMPASS INDEMNITY COMPANY, ENCOMPASS FLORIDIAN INSURANCE COMPANY, and ENCOMPASS FLORIDIAN INDEMNITY COMPANY, 3075 Sanders Road, Suite H1A, Northbrook, Illinois 60062-7127, and by Regular U.S. Mail to: PETER ANTONACCI, ESQUIRE, Gray Robinson, P.A., 301 South Bronough Street, Suite 600, Tallahassee, Florida 32301, and DAVID A. YON, ESQUIRE, 301 South Bronough Street, Suite 200, Tallahassee, Florida 32301, this 16th day of May 2008.

                             for RHODA K. JOHNSON
                                Assistant General Counsel
                                Florida Bar No. 0016653
                                Office of Insurance Regulation
                                612 Larson Building, Suite 645A-5
                                200 East Gaines Street
                                Tallahassee, Florida 32399-4206

## **NOTICE OF RIGHTS**

Any party to these proceedings adversely affected by this Order is entitled to seek review of the Order pursuant to Section 120.68, Florida Statutes, and Rule 9.110, Fla. R. App. P. Review proceedings must be instituted by filing a Petition or Notice of Appeal with the General Counsel, acting as the Agency Clerk, at 200 East Gaines Street, Tallahassee, Florida 32399-4206, and a copy of the same and filing fee with the appropriate District Court of Appeal within thirty (30) days of the rendition of this Order.

STATE OF FLORIDA
OFFICE OF INSURANCE REGULATION

IN THE MATTER OF:

| | |
|---|---|
| | CASE NOS.: |
| ALLSTATE FLORIDIAN INSURANCE COMPANY | 91774-07 |
| ALLSTATE INDEMNITY COMPANY | 91775-07 |
| ALLSTATE PROPERTY & CASUALTY INSURANCE CO. | 91777-07 |
| ALLSTATE INSURANCE COMPANY | 91778-07 |
| ALLSTATE FLORIDIAN INDEMNITY COMPANY | 91779-07 |
| ALLSTATE FIRE AND CASUALTY INSURANCE CO. | 91780-07 |
| ENCOMPASS INSURANCE COMPANY OF AMERICA | 91781-07 |
| ENCOMPASS INDEMNITY COMPANY | 91786-07 |
| ENCOMPASS FLORIDIAN INSURANCE COMPANY | 91797-07 |
| ENCOMPASS FLORIDIAN INDEMNITY COMPANY | 91788-07 |

_____/

**COUNTY OF COOK   )**
**STATE OF ILLINOIS )**

### AFFIDAVIT OF DAVID G. NADIG RELATED TO THE JANUARY 17, 2008 IFO

David G. Nadig, being first duly sworn upon oath, deposes and states as follows:

1. I am over the age of 21 and reside in the State of Illinois. I am admitted to practice law in the State of Illinois. I have personal knowledge of the facts set forth herein, and could competently testify thereto if called upon to do so.

2. I am employed by Allstate Insurance Company as an Assistant Vice President and Assistant General Counsel. I am familiar with the October 16, 2007 subpoenas served upon the Allstate Companies as set forth above.

1

**Attachment**

3. The Allstate Companies have produced, as requested by the Office of Insurance Regulation (OIR), all paper and electronic documents submitted by approximately 90 custodians identified as having responsive documents, including but not limited to the following areas of the Allstate Companies' operations in Florida: 1) reinsurance, including both program design and marketing of the programs through a broker, 2) catastrophe modeling, 3) relationships with rating agencies, and 4) relationships with trade organizations.

4. In all, the Allstate Companies have produced more than 825,000 pages of documents.

5. Accordingly, the Allstate Companies have completed production as requested by the Office of Insurance Regulation.

6. The Allstate Companies will continue to make documents freely available pursuant to Section 624.318(2) and to cooperate and respond to questions related to the OIR's investigation.

FURTHER AFFIANT SAYETH NAUGHT

_David G. Nadig_

David G. Nadig

Witness my hand and official seal in the County and State identified above this 15th day of May, 2008.

_Patti Gariti_
Notary Public, State of Illinois

Printed Name: Patti Gariti



"OFFICIAL SEAL"
PATTI GARITI
COMMISSION EXPIRES 11/16/08

3