# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RAUL FOJAS, Derivatively On Behalf of ALLSTATE CORP., ) ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Civil Action No. 08-cv-00423 |
| F. DUANE ACKERMAN, JAMES G. ) | Judge William T. Hart |
| ANDRESS, ROBERT D. BEYER, W. JAMES ) | |
| FARRELL, JACK M. GREENBERG, ) | |
| RONALD T. LEMAY, EDWARD M. LIDDY, ) | |
| J. CHRISTOPHER REYES, H. JOHN RILEY, ) | |
| JR., JOSHUA I. SMITH, JUDITH A. ) | |
| SPRIESER, MARY ALICE TAYLOR, ) | |
| THOMAS J. WILSON, ) | |
| ) | |
| Defendants, ) | |
| -and- ) | |
| ) | |
| ALLSTATE CORP., a Delaware corporation, ) | |
| ) | |
| Nominal Defendant. ) | |

## RESPONSE TO DEFENDANTS' CITATION OF
## ADDITIONAL AUTHORITY

Plaintiff submits this response to Defendants' Second Citation of Additional Authority on July 8, 2008 attaching *Wood v. Baum*, -- A. 2d -- , 2008 WL 2600981 (Del. Supr. July 1, 2008) ("*Wood*").

Like defendants' earlier submission, *Wood* provides little support for Defendants' Motion to Dismiss. As noted by the Supreme Court in Delaware, the complaint in *Wood* failed to allege facts demonstrating that a majority of the board faced a substantial threat of liability. *Wood* at *2. That is not the case in this action. Rather, Plaintiff's Complaint alleges that under the Allstate Board of Directors' ("Board") active guidance, the Company pursued a bad faith litigation strategy designed to conceal and perpetuate the

arbitrary denial, delay and reduction of payments to injured policy holders. Compl. at ¶¶ 26,38-45, 49-54. Unlike *Wood*, where the threat of liability was not pled in the complaint, the Allstate Board approved or acquiesced to the litigation strategy to conceal certain documents in multiple judicial and regulatory proceedings across the country over a period of years. *Id.*; Plaintiff's Memorandum of Law In Opposition to Defendants' Motion To Dismiss For Failure to Adequately Plead Demand Futility (Dkt #24) at 8-10.

Indeed, Defendants' refusal to produce documents to various government entities has had dire effects on the Company and its shareholders, including the imposition of monetary sanctions in judicial proceedings, the possibility of criminal liability and the suspension (currently abated) from writing policies in the State of Florida. In just one instance, the strategy of noncompliance with subpoenas issued by the Florida Office of Insurance Regulation ("FOIR") has cost the Company millions of dollars of business in the State of Florida, as well as considerable expenses to defend the Company's bad faith litigation strategy. Compl. ¶¶ 40, 50, 54.

Allstate is also liable for millions of dollars in fines for being held in contempt of court in other judicial proceedings currently being appealed by the Company. Allstate has also had to expend and waste considerable money, at shareholder's expense, to defend, settle or satisfy judgments in the civil litigation stemming from the failure to produce documents regarding the Company's claims processing practices. These allegations are in stark contrast to *Wood*.

Ultimately, derivative cases are determined on a fact specific basis. Defendants' continued attempts to persuade this Court by submitting inapposite case law shows that

the merits of defendants' case is lacking, and this Court should deny their Motion to Dismiss..

Dated: July 14, 2008                             **KRISLOV & ASSOCIATES, LTD.**


By:＿＿s/ Jeffrey M. Salas＿＿＿＿＿＿＿
Clinton A. Krislov
Jeffrey M. Salas
20 North Wacker Drive
Chicago, Illinois  60606
Tel: 312-606-0500
Fax: 312-606-0207

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
Jamie R. Mogil
369 Lexington Avenue, 10th Floor
New York, New York 10017
Tel: 212-983-9330
Fax: 212-983-9931

-and-

Emily C. Komlossy
Fla. Bar No. 007714
3595 Sheridan Street, Suite #206
Hollywood, Illinois 33020
Tel: 954-239-0280
Fax: 954-239-0281

*Attorneys for Plaintiff*