

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL FOJAS, derivatively on behalf of Allstate Corp., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 08 C 0423 ) |
| F. DUANE ACKERMAN, JAMES G. ANDRESS, ROBERT D. BEYER, W. JAMES FARRELL, JACK M. GREENBERG, RONALD T. LEMAY, EDWARD M. LIDDY, J. CHRISTOPHER REYES, H. JOHN RILEY, JR., JOSHUA I. SMITH, JUDITH A. SPIESER, MARY ALICE TAYLOR, THOMAS J. WILSON, and ALLSTATE CORP., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a shareholder's derivative action alleging that all the individual members of the Allstate Corp. Board of Directors are liable to Allstate--a Delaware corporation--for fiduciary breaches consisting of inadequate supervision and monitoring of certain litigation decisions of the corporation. The challenged litigation decisions involve efforts to prevent public disclosure of documents and information concerning Allstate's claims-paying procedures including efforts to have certain information deemed confidential under protective orders

and risking contempt for failing to follow rulings so that certain rulings could be appealed to a higher level. Plaintiff expressly alleges that he did not first demand that the Allstate Board pursue this action against those responsible for the challenged litigation conduct. Compl. ¶ 58. Defendants move to dismiss on the ground that plaintiff has not adequately alleged demand futility.

Federal Rule of Civil Procedure 23.1(b)(3)(B) requires that plaintiff "state with particularity . . . the reasons for . . . not making the effort" of demanding that the Allstate Board pursue this action. Federal law establishes the procedural pleading standard (particularity) for alleging demand futility, while the applicable state law (Delaware) provides the substantive law as to when demand futility is required and what circumstances constitute a sufficient reason for not making a demand. Boland v. Engle, 113 F.3d 706, 710 (7th Cir. 1997); Starrels v. First Nat. Bank of Chicago, 870 F.2d 1168, 1170 (7th Cir. 1989); Dollens v. Zionts, 2002 WL 1632261 *4 (N.D. Ill. July 22, 2002); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc.: Civil 3d § 1831 at 107-11 (2007). Although federal pleading rules do not directly require that plaintiff allege the merits of his claims with particularity, see Fed. R. Civ. P. 9(b), to the extent the merits are coextensive with a factual basis supporting demand futility, such facts must

be alleged with the particularity necessary to support demand futility. Delaware law also requires that demand futility be alleged with particularity and there is no contention by either party that the Delaware particularity standard differs from the federal standard. See Del. Ch. Ct. R. 23.1(a); Wood v. Baum, ___ A.2d ___, 2008 WL 2600981 *2 (Del. July 1, 2008). Unlike Fed. R. Civ. P. 9(b), the particularity requirement of Fed. R. Civ. P. 23.1(b)(3) does not expressly except intent, knowledge, and other conditions of mind from its particularity requirement. To the extent intent, knowledge, or scienter is necessary to support demand futility under Delaware law, facts supporting such an inference must be alleged with particularity. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007); Pedroli ex rel. Microtune, Inc. v. Bartek, ___ F. Supp. 2d ___, 2008 WL 901203 at *11-12 (E.D. Tex. March 31, 2008); Wood, ___ A.2d at ___, 2008 WL 2600981 at *3.

Substantive Delaware law requires that a shareholder pursuing a derivative action either first demand that the corporation's board pursue the litigation or have sufficient reason why such a demand would be futile. Wood, ___ A.2d at ___, 2008 WL 2600981 at *2. Since plaintiff expressly alleges that he made no demand, he must sufficiently allege demand futility.

> Two tests are available to determine whether demand is futile. The Aronson test applies to claims involving a contested transaction i.e.,

> where it is alleged that the directors made a conscious business decision in breach of their fiduciary duties. That test requires that the plaintiff allege particularized facts creating a reason to doubt that "(1) the directors are disinterested and independent [or that] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." . . . The second (Rales) test applies where the subject of a derivative suit is not a business decision of the Board but rather a violation of the Board's oversight duties. The Rales test requires that the plaintiff allege particularized facts establishing a reason to doubt that "the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."

Id. (quoting Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984); Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993)).

Here, plaintiff alleges with particularity the facts concerning a number of lawsuits that he claims involved improper litigation strategy that allegedly resulted in a temporarily inflated price for Allstate stock and subsequently has, continues to, and/or will cost Allstate millions of dollars in damages, lost income, and/or penalties.[1] As to the defendant Board members, plaintiff alleges each individual director's dates of service on the Board and either each inside director's employment with Allstate or each outside director's employment or affiliation. Plaintiff, however, does not allege with

---

[1] Some of the alleged rulings against Allstate were subsequently overturned and some others are pending appeal.

particularity any defendant's involvement in any litigation decision or strategy nor knowledge of the challenged litigation practices.

As to the individual directors' involvement in the challenged practices, it is generally alleged:

> The Individual Defendants, because of their positions of control and authority as directors and/or officers of Allstate, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein. Because of their advisory, executive, managerial and directorial positions with Allstate, each of the Individual Defendants had access to adverse, non-public information about the claims paying procedures of Allstate and its stated position before insurance regulatory agencies, state and federal courts, policyholders and its shareholders.

Compl. ¶ 23. See also id. ¶ 25 (generally alleging the directors' failures to discharge their duties), ¶¶ 29 & 32 (generally alleging the directors' intent to conceal facts and maintain their positions and the related income and profits).

Plaintiff also generally alleges the following as to all the defendant directors:

> (a) As a result of their access to and review of internal corporate documents; conversations and connections with other corporate officers, employees and directors; and attendance at management and Board meetings, each of the defendants knew of the Company's policy of protecting internal information from disclosure regarding Allstate's practice of minimizing claims payments to policyholders;
> * * *

>    (d) The entire Allstate Board and senior management participated in the wrongs complained of herein. Allstate's directors are not disinterested or independent, as all defendants served on the Allstate Board since September 2006. Pursuant to their specific duties as Board members, each was charged with the management of the Company and to conduct its business affairs. Each of the above referenced defendants breached the fiduciary duties that they owed to Allstate and its shareholders in that they failed to prevent and correct Allstate's policy of thwarting authority to conceal its claims-paying procedures. Thus, the Allstate Board cannot exercise independent objective judgment in deciding whether to bring this action or whether to vigorously prosecute this action because its members are interested personally in the outcome as it is their actions that have subjected Allstate to millions of dollars in liability for possible violations of applicable state insurance laws and non-compliance with court orders;
>    (e) Each of the key officers and directors knew of and/or directly benefitted from the wrongdoing complained of herein;
>    (f) The Individual Defendants approved and/or permitted the wrongs alleged herein to have occurred and participated in efforts to conceal or disguise those wrongs from Allstate's shareholders or recklessly and/or negligently disregarded the wrongs complained of herein, and are therefore not disinterested parties; . . . .

Compl. ¶ 58.

The Complaint contains no allegations identifying any of the particular documents or conversations generally alleged in ¶ 58(a). There are no particularized allegations as to how or when any individual defendant acquired knowledge of any of the specific litigation proceedings that are challenged in the Complaint. There is not even any allegation that any director

was a member of a litigation committee nor allegations that such a committee would have received regular reports regarding any of the challenged proceedings. There is also no specific allegation regarding any of the challenged proceedings being reported to the Board at any Board meeting nor any allegation as to any specific Board resolution or action approving any of the challenged practices.

Plaintiff contends that the challenged litigation practices are such obvious red flags that it must be assumed that all the Board members were aware of the practices. Plaintiff cites to In re Abbott Lab. Derivative S'holders Litig., 325 F.3d 795 (7th Cir. 2003).[2] That case, however, involved six years of significant FDA actions against a company for which producing and distributing pharmaceuticals is a substantial, if not principal, part of its business. Morever, the court did not simply rely on the assumption that Abbott directors would have known of the FDA actions because of their importance. Instead, it was specifically alleged that FDA Warning Letters were provided to directors on the company's audit committee and that information about the letters was shared at board meetings. See id. at 806. The present circumstances are different. An insurance company is

---

[2] In Abbott, the applicable substantive law for the demand futility issue was Illinois law. As held in Abbott, though, Illinois case law follows Delaware law as to demand futility, so the court followed Delaware law. 325 F.3d at 803.

involved in much litigation. It cannot be assumed that Allstate's Board is kept informed of all litigation nor can they be expected to manage the particulars or trial strategy of individual litigation, including discovery motions. The only case alleged that may have been major enough to infer that it might be brought to the entire Board's attention is the Florida regulatory litigation that resulted in an order--stayed for all but two days--forbidding Allstate from writing new insurance policies in Florida. As alleged in the Complaint, however, this order was issued the day before plaintiff filed his present derivative action. Since demand futility must exist at the time the derivative action is first filed, see Aronson, 473 A.2d at 810; Fink v. Komansky, 2004 WL 2813166 *3 (S.D.N.Y. Dec. 8, 2004), the Florida order cannot be a basis for inferring knowledge supporting demand futility. Plaintiff does not allege particularized facts supporting that any defendant was aware of the challenged litigation or acted intentionally regarding the challenged practices.

   The Aronson standard only applies to a director who made a conscious decision to take the challenged action. Wood, ___ A.2d at ___, 2008 WL 2600981 at *2. Plaintiff generally alleges that defendants made such a conscious decision. To the extent plaintiff's claims are based on a conscious decision, demand futility may be satisfied by alleging either prong of the Aronson

- 8 -

standard with sufficient particularity. Therefore, it must be considered whether either prong of the Aronson standard is sufficiently alleged. To the extent plaintiff's claims are based on the alternative allegation of defendants' failure to adequately exercise oversight, the Rales standard must be satisfied. Wood, ___ A.2d at ___, 2008 WL 2600981 at *2. The Rales standard, though, is essentially the same as the first prong of Aronson. See Wood, ___ A.2d at ___, 2008 WL 2600981 at *2; Nach v. Baldwin, 2008 WL 410261 *3 (N.D. Cal. Feb. 12, 2008). If plaintiff fails to satisfy either prong of the Aronson standard, his cause of action must be dismissed in its entirety for failing to adequately plead demand futility. In any event, under either standard, plaintiff fails to adequately allege demand futility because he does not support his general allegations of knowledge, intent, or scienter with particularized facts.

Plaintiff contends that the first prong of the Aronson standard and the Rales standard are satisfied because each of the directors faces a substantial likelihood of individual liability. On the pending motion to dismiss, this court may take judicial notice of defendant's certificate of incorporation, McCall v. Scott, 239 F.3d 808, 814 n.3, amended, 250 F.3d 997 (6th Cir. 2001); Ninth Ave. Remedial Group v. Allis-Chalmers Corp.,

195 B.R. 716, 721 (N.D. Ind. 1996); <u>Entral Group Int'l v. Sun Sports Bar Inc.</u>, 2007 WL 2891419 *3 n.1 (E.D.N.Y. Sept. 28, 2007), which exculpates the directors from any individual liability to the full extent permitted by Delaware law. This does not relieve defendants of liability for breach of the duty of loyalty or for acts or omissions that are intentional, in bad faith, or knowing violations of the law. Del Code Ann. tit. 8, § 102(b)(7); <u>Abbott</u>, 325 F.3d at 810-11. In these circumstances, an element of demand futility is scienter on the part of defendants in "that they had 'actual or constructive knowledge' that their conduct was legally improper." <u>Wood</u>, ___ A.2d at ___, 2008 WL 2600981 at *3. Since plaintiff has not alleged such scienter with particularity, plaintiff does not adequately allege demand futility based on a likelihood of individual liability.

    Plaintiff also contends that the two defendants who are inside directors lack independence in that each was the Chief Executive Officer and President of Allstate during different portions of the pertinent time period. Even assuming it is adequately alleged that these directors lack independence, they are only two of thirteen directors. Plaintiff does not allege particularized facts supporting that these directors dominated at least five other members of the Board so that a majority lacked independence or disinterest. See <u>Postorivo v. AG Paintball</u>

Holdings, Inc., 2008 WL 553205 *7 & n.29 (Del. Ch. Feb. 29, 2008).

Plaintiff does not satisfy the first prong of the Aronson standard nor the Rales standard. Therefore, plaintiff's claims must be dismissed to the extent they are based on the failure to exercise adequate oversight. It still must be considered whether the second prong of Aronson is adequately alleged so that the claims may continue based on the allegations of a conscious decision.

Plaintiff contends he has adequately alleged demand futility based on the directors' conduct not being a valid exercise of business judgment. Plaintiff contends the presumption that the directors acted in the best interests of the company by validly exercising business judgment is overcome by their knowing approval of a litigation strategy defying court orders and regulatory actions. As previously discussed, however, plaintiff does not allege particularized facts supporting that any defendant knowingly approved the litigation strategy. Therefore, this basis for demand futility also fails.

Since plaintiff has not alleged any basis for demand futility with sufficient particularity, plaintiff's cause of action will be dismissed. In a footnote at the end of his answer brief, plaintiff alternatively requests that he be granted an opportunity to amend prior to the dismissal of his case. To the

extent plaintiff desires to pursue such an option, he must move within the time period permitted by Fed. R. Civ. P. 59(e) and accompany the motion with a copy of his proposed amended complaint.  See Looper Maint. Serv. Inc. v. City of Indianapolis, 197 F.3d 908, 914-15 (7th Cir. 1999).  Cf. Crestview Vill. Apartments v. United States Dep't of Housing & Urban Dev., 383 F.3d 552, 557-58 (7th Cir. 2004).

IT IS THEREFORE ORDERED that defendants' motion to dismiss [17] is granted.  The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice for failure to satisfy applicable demand requirements.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 21, 2008